UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTWUAN M. HARDY,

     Petitioner,

v.

     Case No. 22-CV-571-JPS

DYLON RADTKE

     **ORDER**

     Respondent.

1. **INTRODUCTION**

On May 13, 2022, Petitioner Antwuan M. Hardy ("Hardy" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On May 27, 2022, Petitioner paid the filing fee. The Court screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

2. **FACTUAL BACKGROUND**

In 2018, Hardy pled guilty to seven felonies as party to a crime related to a home invasion in Milwaukee County Case Number 2018CF003534. ECF No. 1. at 2.[1] According to Hardy, he was sentenced to a term of 35 years' imprisonment. ECF No. 1 at 2.

Following sentencing, Hardy filed a post-conviction motion for resentencing, which the trial court denied. *State v. Hardy*, No. 2020AP157-CR, 2021 WL 8648818, at *1 (Wis. Ct. App. Feb. 2, 2021). He appealed the

---

[1] *See State of Wisconsin v. Antwuan M. Hardy*, Milwaukee Cnty. Case No. 2018CF003534, https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CF003534&countyNo=40&index=0&mode=details (last visited Mar. 31, 2023).

order denying him postconviction relief and his judgment of conviction to the Wisconsin Court of Appeals. *Id.* In that appeal, he argued that: (1) the circuit court relied on inaccurate information when it sentenced him; and (2) the circuit court relied on an improper facture when it sentenced him. *Id.* at *1–*2. The Wisconsin Court of Appeals addressed both of Hardy's bases for appeal and affirmed the trial court's order and judgment. *Id.* at *1.

Hardy petitioned for review to the Wisconsin Supreme Court. On May 19, 2021, the Wisconsin Supreme Court denied review. *State v. Hardy*, 2021 WL 9761738 (Table) (Wis. 2021). Hardy provides that he did not file a petition for certiorari in the U.S. Supreme Court. ECF No. 1 at 4.

Now, Hardy seeks habeas relief on the following two grounds: (1) that he is entitled to a new sentencing because the trial court relied on inaccurate information or abused its sentencing discretion; and (2) that the trial court considered an improper factor during sentencing. ECF No. 1 at 6–7.[2]

3.  **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do

---

[2]Hardy filed his initial federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 in *Hardy v. Radtke,* 21-CV-1320-LA (E.D. Wis. 2021). Hardy's request to stay that case was denied and the court in that case gave him the choice of either dismissing the petition without prejudice for the failure to exhaust administrative remedies or to dismiss his ineffective assistance of counsel claims and proceed only the exhausted due process claim. *Id.* at ECF No. 12. Hardy voluntarily dismissed his petition in order to exhaust his state court remedies. *Id.*at ECF No. 13.

not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Hardy's petition for review on May 21, 2021. *Hardy*, 2021 WL 9761738. Hardy did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on August 19, 2021. Hardy then had one year in which to file his petition (i.e., until August 19, 2022). Thus, it appears that Hardy's federal habeas petition, filed on May 13, 2022, ECF No. 1, is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Hardy fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly,

Page 3 of 8
Case 2:22-cv-00571-JPS    Filed 04/04/23    Page 3 of 8    Document 4

a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' February 2, 2021 order, and the Wisconsin Supreme Court's denial of review, it appears that Hardy has fully exhausted the two grounds in his present petition.

### 3.3 Procedural Default

The Court next determines whether Hardy has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it does not plainly appear that Hardy has procedurally defaulted on his claims.

Page 4 of 8
Case 2:22-cv-00571-JPS   Filed 04/04/23   Page 4 of 8   Document 4

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Hardy's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Hardy's claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Hardy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

  b.  Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

  c.  Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3.  If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a.  Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b.  Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of

the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 4th day of April, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>   Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   362 United States Courthouse
>   517 E. Wisconsin Avenue
>   Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.