UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTWUAN M. HARDY,

    Petitioner,

v.                                                   Case No. 22-CV-571-SCD

CHRIS STEVENS,[1]
    *Warden, Green Bay Correctional Institution*,

    Respondent.

## DECISION AND ORDER
## DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

    Antwuan M. Hardy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hardy alleges the state court violated his constitutional due process right to be sentenced based on accurate information. He requests resentencing and does not challenge his underlying convictions. As explained herein, the state court's handling of this issue did not violate the Constitution or laws or treaties of the United States. Because Hardy is not entitled to federal habeas relief, I will deny his petition and dismiss this action.

### BACKGROUND

    Although the relevant factual background remains generally the same as it stood in my order on the respondent's motion to dismiss, *see* ECF No. 13, I will summarize it again here. The sentencing Hardy challenges stems from his guilty plea to multiple felonies in connection with an armed robbery. *See* ECF No. 1 at 2. The incident involved a violent home invasion in

---

[1] Stevens assumed the role of Warden after Hardy filed his petition. The caption has therefore been updated to reflect the correct respondent.

which Hardy and co-assailant Brandon Lane terrorized a family of five by tying them up, threatening to kill them, and beating them, resulting in grave injuries to a five-year old child. *See* ECF No. 14-4 at 2.

The circuit court sentenced Hardy to thirty-five years of initial confinement followed by fifteen years of extended supervision. *See id.* At the sentencing hearing, the court reflected at length on the severity of Hardy and Lane's actions, commenting to Hardy that "[y]ou stood by while Lane did these horrible things and you did absolutely nothing." ECF No. 14-6 at 35. The court remarked further: "I can understand why you didn't shoot the guy, but take the barrel of the gun and hit him with the stock. Knock him out. And then free these people. You didn't do that." *Id.* In its order denying postconviction relief, the court explained that its "comment about possibly knocking Lane out was merely a point of example." *See* ECF No.14-2 at 4. The court clarified that it "did not punish [Hardy] for failing to take that specific action—it punished him for his own role in this home invasion robbery and, to the extent that he objected to [Lane's] violent actions, for failing to take any action to stop him." *Id.*

Hardy appealed from his sentence, arguing the circuit court incorrectly found that Hardy did "absolutely nothing" to help the victims and relied on an improper factor by questioning why Hardy did not use his rifle to physically stop Lane. *See* ECF No. 14-3 at 10. The Wisconsin Court of Appeals summarily affirmed Hardy's sentence. *See* ECF No. 14-4 at 4. The appellate court opined that the sentencing court's statements needed to be read in context to: (1) understand the court's observation that Hardy did "absolutely nothing" meant he did nothing "of consequence" to help the victims, and (2) credit the court's explanation that it did not punish Hardy for choosing not to strike Lane. *Id.* at 3. The Wisconsin Supreme Court denied Hardy's petition for further review. *See* ECF No. 14-5 at 38.

On May 13, 2022, Hardy filed a habeas petition in federal district court alleging two potential grounds for relief. *See* ECF No. 1. Judge Stadtmueller transferred the matter to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3, 7, 8. Dylan Radtke, the warden who had custody of Hardy at Green Bay Correctional Institute, moved to dismiss the petition for failure to meet certain procedural safeguards. *See* ECF Nos. 9, 10. I granted that motion in part, dismissing one alleged ground for relief for failing to implicate a federal right. *See* ECF No. 13 at 5–6. Thereafter, the respondent filed a response to Hardy's habeas petition. *See* ECF No. 14. Hardy filed a brief in support of his petition, *see* ECF No. 15, the respondent filed a brief in opposition, *see* ECF No. 18, and Hardy filed a reply brief, *see* ECF No. 19.

## STANDARD OF REVIEW

Hardy's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a prisoner in custody pursuant to a state-court judgment of conviction is entitled to federal habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to claims adjudicated on the merits in state court, a federal court can grant an application for a writ of habeas corpus "only if the state court's decision was contrary to clearly established Supreme Court precedent, involved an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Promotor v. Pollard*, 628 F.3d 878, 888 (7th Cir. 2010) (citing 28 U.S.C. § 2254(d)); *see also White v. Woodall*, 572 U.S. 415, 419 (2014).

"A legal principle is 'clearly established' within the meaning of [§ 2254(d)(1)] only when it is embodied in a holding of [the Supreme Court]." *Thaler v. Haynes*, 559 U.S. 43, 47

3

(2010) (citing *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13.

Similarly, a state-court decision results in an "unreasonable application" of clearly established federal law when that court either "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. A writ of habeas corpus may not issue under the "unreasonable application" clause "simply because the federal court concludes that the state court erred." *Kubsch v. Neal*, 838 F.3d 845, 859 (7th Cir. 2016) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002)). "Rather, the applicant must demonstrate that the state court applied the Supreme Court's precedent in an objectively unreasonable manner." *Id.* (citation omitted); *see also Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (observing that "'unreasonable' means something like lying well outside the boundaries of permissible differences of opinion") (citation omitted)).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). For purposes of federal habeas review, state-court factual determinations are entitled to "substantial deference." *Brumfield v. Cain*, 576 U.S. 305, 314 (2015). To obtain relief under § 2254(d)(2), a petitioner must demonstrate that the state-court

4

decision "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *McManus v. Neal*, 779 F.3d 634, 649 (7th Cir. 2015) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010)); *see also* 28 U.S.C. § 2254(e)(1). "The decision must be 'so inadequately supported by the record as to be arbitrary and therefore objectively unreasonable.'" *Alston v. Smith*, 840 F.3d 363, 370 (7th Cir. 2016) (quoting *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)).

When applying the above standards, federal courts look to "the 'last reasoned state-court decision' to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (quoting *Johnson v. Williams*, 568 U.S. 289, 297 n.1 (2013)).

## ANALYSIS

Hardy argues that the state court sentenced him based on inaccurate information. *See* ECF Nos. 1 at 6, 15 at 2–3. I must analyze this argument with respect to the Wisconsin Court of Appeals decision because it is the last reasoned state court decision to decide the merits of Hardy's case. *See Dassey*, 877 F.3d at 302. The respondent contends that Hardy failed to show the state court decision was contrary to or an unreasonable application of federal law. ECF No. 18 at 1.

Supreme Court precedent clearly establishes that "a criminal defendant has the due process right to be sentenced on the basis of accurate information." *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 554 (7th Cir. 2008) (discussing *United States v. Tucker*, 404 U.S. 443 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948)). Here, the Wisconsin Court of Appeals accurately and explicitly acknowledged this constitutional right. *See* ECF No. 14-4 at 2. The court of appeals also identified the appropriate test for this challenge: "A defendant must show that

5

information at the original sentencing was inaccurate and that the court actually relied on it when it imposed the sentence." *Id.* (citing *State v. Tiepelman*, 717 N.W.2d 1 (Wis. 2006); *see also Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003) ("A defendant who requests re-sentencing due to the use of inaccurate information at the original sentencing must show both that information before the sentencing court was inaccurate and that the sentencing court relied on the inaccurate information in the sentencing."). Accordingly, the state court employed the correct legal principles governing Hardy's appeal.

As for the state court's factual determinations, Hardy alleged on direct appeal that the circuit court incorrectly found he did "absolutely nothing" to help the victims. *See* ECF No. 14-4 at 2. Hardy now attempts to augment that claim by arguing that the court got additional facts wrong, including whether Hardy or Lane left the residence first and whether the pair's argument in front of their getaway driver demonstrates that Hardy was not the "mastermind" of the operation. *See* ECF Nos. 15 at 4–5, 19 at 2. But Hardy did not raise these issues on direct appeal, *see* ECF No. 14-3 at 12–14, so the Wisconsin Court of Appeals made no factual findings regarding who left the home first or was the mastermind of the home invasion, *see* ECF No. 14-4.

"A habeas petitioner may not resort to federal court without first giving the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citing 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999)). If the state courts would now hold the claim procedurally barred, there can be no opportunity to present it—rendering the claim procedurally defaulted in federal court as well. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Here, Hardy could have raised the factual allegations about the timing of his

departure and being the mastermind on direct review, so the state courts would bar them on collateral review absent a "sufficient reason" for not bringing them earlier. *See* Wis. Stat. § 974.06(4); *State v. Escalona-Naranjo*, 517 N.W.2d 157, 162–64 (Wis. 1994). Hardy has not offered any such reason, nor is one apparent to me. Because Hardy did not present these questions to the state court, they are not properly before me for review. Regardless, these fact findings relied entirely on witness testimony. The state court's findings about the credibility of witnesses are entitled to substantial deference on federal habeas review. *See Thompson v. Keohane*, 516 U.S. 99, 110 (1995). Hardy essentially asks that I reweigh his credibility against that of Lane and the victims. But that is a steep hill to climb, and Hardy has come nowhere near to satisfying his burden of demonstrating that the state court finding was arbitrary and objectively unreasonable. *See Alston*, 840 F.3d at 370.

      Hardy also comes up short with respect to the state court's observation that Hardy did "absolutely nothing" to help the victims. Hardy alleges that the sentencing judge believed the only way Hardy could have helped the victims was to hit Lane. *See* ECF No. 15 at 5. Hardy maintains that he helped the victims by taking the hood off and untying one of the victims, as well as giving them water and telling Lane to stop harming them. *See id.* But the court never determined that Hardy did not take any of these actions. *See* ECF Nos. 14-4, 14-6. Instead, the state court of appeals recognized, as the circuit court itself reiterated in its order denying postconviction relief, that the statement about Hardy doing "absolutely nothing" to help his victims was really a comment on Hardy's failure to do anything "*of consequence* to help the victims." ECF No. 14-4 at 2–3. This factual finding is far from unsupported by the record, so while Hardy may disagree with the court's view of which of his actions proved consequential

7

and which did not, the sentencing court's view that Hardy did nothing to help his victims does not constitute inaccurate information.

Hardy also argues that his claim that he got in the vehicle first and argued with Lane about what went down in the house demonstrates that he (Hardy) was trying to help the victims and did not want them to endure Lane's physical assault. *See id.* at 5–6. Even if true, these circumstances do not change the gravity of the offending conduct and the reasonableness of the court's observation that Hardy did nothing of consequence to help the victims from enduring this senseless attack. Accordingly, on this record, I cannot say the state court's fact findings "ignore[] the clear and convincing weight of the evidence." *McManus*, 779 F.3d at 649. Because the state court's decision is consistent with the facts and circumstances of Hardy's case, it was not objectively unreasonable. *See Alston*, 840 F.3d at 370.

Finally, the state court of appeals did not apply the law to these facts in an unobjectively unreasonable manner. *See Kubsch*, 838 F.3d at 859. The court pointed out that the sentencing court's comment that Hardy did "absolutely nothing" came after describing several instances in which Hardy failed to intervene to stop Lane's physical attacks on their victims. ECF No. 14-4 at 3. This included when Hardy "stood by and let it happen" while Lane beat the victims and tied up, gagged, and put a bag over the head of a screaming child. *See id.* With these comments in mind, the Wisconsin Court of Appeals determined that Hardy's argument about inaccuracy ignored the context of the sentencing court's observation. *See id.* Hardy has not demonstrated anything unreasonable about that conclusion.

Accordingly, Hardy has not met his burden of establishing that he is eligible for relief under § 2254, and I must dismiss his petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the district court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, I do not believe a reasonable jurist would find my ruling debatable. Accordingly, a certificate of appealability will be denied.

## CONCLUSION

For all the foregoing reasons, the court **DENIES** the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, ECF No. 1, and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 16th day of December, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge